Hospital, himself "on call" at the time. As such, he lacked no sophistication in respect of hospital entries. I agree with the majority that the "person who allegedly gave the information contained in the entry" was "presumably the son of the decedent". For two reasons, I find no error in the receipt of the entry as within CPLR 4518, and I find no reason to entertain even a suggestion that it was fabricated or self-serving. First, it was helpful and it was germane to an understanding of the medical aspects of the patient's hospitalization. (*Williams* v. *Alexander*, 309 N. Y. 283; *Shaughnessey* v. *City of New York*, 7 A D 2d 734.) It was a history of diagnosis and symptoms, and admissible. In contradistinction to a history of "cause of accident", which would have been inadmissible. (*Del Toro* v. *Carroll*, 33 A D 2d 160.) Secondly, the son was a distributee of his father's estate, and as the source of the information, the statement, as to him, qualified as an admission. (See *Central N. Y. Coach Lines* v. *Syracuse Herald Co.*, 277 N. Y. 110; *Guaranty Trust Co.* v. *State of New York*, 299 N. Y. 295, 301; *State of Maryland* v. *Branch Motor Express Co.*, 285 App. Div. 1078; Richardson, Evidence [8th ed.], § 313.) In any event, a jury has found for the defendant. We do not overrule a jury's verdict in favor of the defendant unless the record so preponderates in favor of the plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence. *Lalomia* v. *Biggers*, 25 A D 2d 742.) Finally, in a day of overcrowded calendars, it is unrealistic and wasteful of judicial time to order a new jury trial, nearly 10 years after the event, when it is patent that any ground for a malpractice recovery here is nonexistent. I would affirm.

■ FRANCES SCHMERTZ, Respondent, v. MARTIN FRIEDLANDER et al., Appellants, et al., Defendant.—

Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Kupferman, JJ.

■ In the Matter of THOMAS A. CRAWFORD, on Behalf of Himself and All Others Similarly Situated, Respondent-Appellant, v. THOMAS F. McCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant-Respondent. In the Matter of PAUL SILVERMAN et al., Respondents-Appellants, v. THOMAS F. McCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant-Respondent.—

Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and McNally, JJ.

FOREST ELECTRIC CORPORATION, Respondent. v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.—

Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and McNally, JJ.

RUSCH FACTORS, INC., Appellant, v. AETNA CASUALTY & SURETY COMPANY et al., Defendants-Respondents and Interpleading Plaintiffs-